United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON, | No. C 15-0731 MEJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| E. SANCHEZ, et al., | |
| Defendants. | |

# INTRODUCTION

Tuanja Edward Anderson, a California state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

# DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

The complaint fails to state a claim upon which relief may be granted. In the portion of the form complaint where a plaintiff is instructed to provide a statement of his claim, Anderson writes the following:

> On 2/3/15 there was an argument between inmate Mitchell and C/O [Correctional Officer] Sanchez on D2 EOP yard in Administrative Segregation. Mr. Mitchell was upset and he started cussing at staff. C/O Sanchez told him to watch his language and Mr. Mitchell started teasing C/O Sanchez calling her "Clown Face." I was laughing (inmate Anderson) real hard. Then I heard C/O Sanchez make a comment about having someone sodomize Mr. Mitchell. Then Mr. Mitchell started using racial slurs. Mitchell asked for the warden and she stated "he is on my side, not yours." I kept laughing. When C/O J. Meskus came to my cage, he told me I shouldn't be fishing on the yard. Then when I got to the cell, I was told by other inmates that the staff searched my cell for about 30 minutes while on the yard. When dinner came, my cake had a fingerprint on the icing and spit. I threw the cake in the toilet. Then my noodles had a loogie in them. With all that data, C/O Sanchez told the staff that I, inmate Anderson, was also making racial slurs. I said not one word to Mr. Mitchell nor C/O Sanchez. All I was doing was laughing.

Compl. at 3-5.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under

2

the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation; the more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Plaintiff's contentions that prison staff tampered with his food on one occasion and searched his cell for 30 minutes on one occasion, though unfortunate, are insufficient to allege a deprivation of the basic necessities of life. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Miles v. Konvalenka, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable). Federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

Plaintiff's allegations that Correctional Officer Sanchez said plaintiff was making

racial slurs also fail to state claim. Verbal harassment alone is not actionable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). Plaintiff does not allege that there was any consequence of Officer Sanchez's words. An Eighth Amendment claim has not been stated on the facts alleged as plaintiff has not identified a serious risk to his safety or that Officer Sanchez acted with deliberate indifference to a known risk.

As for defendant SVSP Warden Munioz, plaintiff adds no facts whatsoever linking Mr. Munioz to his allegations of wrongdoing. If plaintiff files an amended complaint and keeps Mr. Munioz as a defendant, he must set forth specific facts showing how Mr. Munioz actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

Plaintiff is further cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

4

exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of plaintiff's complaint, it does not appear that plaintiff has exhausted his administrative remedies.

Finally, it appears that plaintiff is attempting to pursue this action on behalf of both himself and inmate Mitchell. Mitchell has not signed the complaint or submitted an in forma pauperis application. Nor does plaintiff identify the constitutional violations purportedly committed against Mitchell. In any event, plaintiff is proceeding pro se and in that status he cannot represent anyone other than himself. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself"). Accordingly, Mitchell is hereby DISMISSED from this action. Mitchell must file a separate civil rights action if he wishes to pursue judicial relief.

Plaintiff's complaint will be dismissed because his allegations, even when liberally construed, do not state a cognizable claim for relief under Section 1983 that defendants have violated his constitutional rights. Plaintiff will be granted leave to amend his complaint to state a cognizable claim, provided he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.   Plaintiff's complaint is DISMISSED with leave to amend.

2.   Within **twenty-eight (28)** days from the date of this Order, plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-0731 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

5

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

IT IS SO ORDERED.

DATED: May 12, 2015

Maria-Elena James
United States Magistrate Judge